XIAO LUNG LI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–2922–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2007.

Edward J. Cuccia, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Karin B. Hoppmann, Todd B. Grandy, Assistant United States Attorneys, Tampa, Florida, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

SUMMARY ORDER

Petitioner Xiao Lung Li, a citizen of the People's Republic of China, seeks review of a May 23, 2006 order of the BIA affirming the February 18, 2005 decision of Immigration Judge ("IJ") Alan L. Page denying him asylum, withholding of removal

and relief under the Convention Against Torture ("CAT"). *In re Xiao Lung Li,* No. A97 391 641 (B.I.A. May 23, 2006), *aff'g* No. A97 391 641 (Immig. Ct. N.Y. City Feb. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, 8 U.S.C. § 1252(b)(4)(B).

Here, substantial evidence supports the IJ's finding that Li's testimony contradicted his asylum application and credible fear statements, where he indicated at his interview that "[t]he marriage office gave us the marriage license on September 29, 1998 because we gave them 10,000 RMB," but where he testified that (1) he was fined 10,000 RMB for becoming illegally pregnant and (2) he paid only 2,000 RMB of the fine. Further, the IJ did not err in finding that Li's testimony that his father-in-law was arrested on October 8, 1998 and that his mother was arrested on October 9, 1988 was contradicted by his credible fear statement that both were arrested on the same day. Although minor inconsistencies regarding dates may normally be deemed to be trivial, and therefore not substantial evidence, here, Li did not only confuse dates but rather the sequence of events he described (i.e., whether his mother and father-in-law were arrested on the same day, or on different days).

A reasonable adjudicator would also not be compelled to overturn the IJ's finding that Li's testimony about his wife's forced abortion was inconsistent. During his credible fear interview, Li stated that he "was in hiding in Fuzhou City and was not home," but in his testimony he indicated that he was at home when cadres arrived and that he "tried to stop them and they hit [him] with something, a stick." This inconsistency is material and goes to the heart of Li's claim. In addition, the IJ acknowledged and reasonably rejected Li's explanations for the discrepancies between his interview statements and his testimony.

Substantial evidence also supports the IJ's finding that Li's statements about whether authorities were searching for him in Fuzhou City and that his wife was too ill because of a chronic heart condition and asthma to have a sterilization surgery after her abortion were inconsistent with the documents. The IJ also reasonably acknowledged that Li's explanations for the inconsistencies were not credible, where his answers to questions were not responsive and were contradictory. The IJ also reasonably noted that although Li's wife mentioned in her affidavit that she was weak after her abortion, she did not indicate that she had heart problems or asthma.

Further, we agree with the IJ's finding that Li's testimony about his wife's abortion was contradicted by her gynecological checkup booklet, which did not indicate that she had undergone an abortion. When the IJ confronted Li with the discrepancies, the record supports his observation that Li was "totally non-responsive."

Finally, we note that Li did not argue his eligibility for withholding of removal or relief under the CAT before the BIA, and we deem those claims to be unexhausted. *See Lin Zhong v. U.S. Dep't of Justice,* 461 F.3d 101, 114–17 (2d Cir.2006) (holding that the exhaustion of claims for relief is a jurisdictional requirement); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (find-

ing that a petitioner failed to exhaust claims where he failed to challenge the BIA's CAT determination, and where he asked for withholding in his prayer for relief to the BIA, but made no argument relevant to the claim).

For the foregoing reasons the petition for review is DENIED.